O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK GREEN, | ) | CASE NO. CV 15-0604 R (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED SECTION 2255 MOTION |
| WARDEN OF MDC LOS ANGELES, | ) | |
| Respondent. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily. Petitioner improperly seeks to reassert a Speedy Trial Act claim that has been rejected repeatedly in the Eastern District of Pennsylvania, the Third Circuit and the Supreme Court.

**I.**

**BACKGROUND AND THE CURRENT PETITION**

Petitioner Mark Green is a federal prisoner at Los Angeles, serving a lengthy sentence for identity theft and credit card fraud. Based on the delay between his January 24, 2008 Indictment in Philadelphia and his trial's commencement 648 days later, he asserts a violation of his Speedy Trial Act (18 U.S.C. § 3161) rights. A jury convicted him in November 2009. In April 2010, Petitioner moved to dismiss the Indictment and

vacate his conviction based on this Speedy Trial Act argument, among others. *See* docket in *U.S. v. Green*, E.D. Pa. case no. 08-0044 (ECF 104). Over a year later in May 2011, District Judge Juan R. Sánchez denied the motion, explaining that "[l]ess than 70 days of [the post-Indictment delay] is counted for purposes of the Speedy Trial Act, while the remainder of the time falls within the Speedy Trial Act time exclusions enumerated in § 3161(h)." Ex. E to Pet. at 8; docket (ECF 131), *U.S. v. Green*.

Petitioner appealed, reasserting the Speedy Trial Act argument. *See* Ex. D to Pet. (Brief For Appellant) at 16-23. The Third Circuit rejected that argument and affirmed on March 19, 2013. Ex. F to Pet.; *U.S. v. Green*, 516 Fed.Appx. 113 (3d Cir. 2013). On June 13, 103, the Court of Appeals denied Petitioner's petition – again raising the Speedy Trial Act – for panel and *en banc* rehearing. The Mandate was issued eight days later on June 21, 2013.

Six months later on December 27, 2013, Petitioner returned to the Third Circuit to petition for a writ of mandamus, again based on the Speedy Trial Act. The Third Circuit denied the writ on February 19, 2014, noting that Judge Sánchez already "consider[ed] Green's Speedy Trial Act claim in some detail" and that the Third Circuit had "carefully examined" the same claim on direct review. *See* docket in *In re Green*, No. 13-4795 (3d Cir.) (no docket or ECF number available).

Petitioner sought *certiorari* from the United States Supreme Court, which denied relief on June 16, 2014 in its case number 13-8226. *Green v. U.S.*, 134 S.Ct. 2818 (2014). (Petitioner's petition there is not readily available, but the Court surmises that the petition reasserted his Speedy Trial Act claim(s). Whether it did or not, more importantly, Petitioner had the *opportunity* to have done so.)

Undaunted, Petitioner returned to the Third Circuit for a third time on October 1, 2014 with a motion – filed in the direct-appeal case – to recall that court's Mandate, again based on the Speedy Trial Act claim. That motion remains pending, according to the Third Circuit's docket as viewed on January 29, 2015.

- 2 -

## II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action.

Section 2255, however, permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

The escape hatch rarely opens. A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

///
///
///
///

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1] The Fourth Circuit employs a similar test, opening the escape hatch when (1) a change in substantive law occurs, after the petitioner's direct appeal and first § 2255 motion, "such that the conduct of which the petitioner was convicted" would no longer "be criminal," and (2) the prisoner cannot qualify for the Court of Appeals' authorization for another § 2255 motion, *see* 28 U.S.C. § 2244(b)(3)(A), because the new rule is not one of *constitutional* law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had fil ed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman*, *supra*, 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

Here, the hatch remains firmly shut. Petitioner satisfies neither of the two criteria for opening it. First, his labelings of a "miscarriage of justice" aside, Petitioner does not claim he is actually innocent of the crimes for which he stands convicted. Rather, he claims that his Indictment should have been dismissed under the Speedy Trial Act and that the ensuing Judgment thus is void for lack of jurisdiction. Second, he plainly has had, and has taken, numerous "unobstructed procedural shot[s]" at asserting this sort of claim. His simply did not hit the target by persuading any of three separate federal courts on five separate occasions. His attempt to seek relief from this Court is improper. (It is particularly improper in light of two additional facts. The first is Petitioner's assertion, correct or not, that *he remains able to file a § 2555 motion in the trial court* and that he has until June 2015 to do so. Mem. at 5. How can a § 2555 motion possibly be shown to be "inadequate or ineffective" where a petitioner refuses to file it? Second, Petitioner improperly is asserting the same Speedy Trial Act argument concurrently in two federal courts, namely this Court and the Third Circuit, where his petition to recall the Mandate remains pending.)

With the hatch shut, this Court lacks jurisdiction and must dismiss.

## III.
## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Eastern District of Pennsylvania, the Third and Ninth Circuit Courts of Appeals and the Supreme Court.

DATED: February 3, 2015

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE